COLLINS, Respondent, v. WATERBURY CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 9, 1911.) Action by Arthur Collins against the Waterbury Company. No opinion. Motion denied, without costs. See, also, 129 N. Y. Supp. 661.

COLON et al., Respondents, v. FIRST UNITED PRESBYTERIAN CHURCH, Appellant, et al. (Supreme Court, Appellate Division, First Department. April 28, 1911.) Action by George Colon and others against the First United Presbyterian Church, impleaded with others. E. L. Tamblyn, for appellant. J. C. Shaw, for respondents. No opinion. Order entered March 13, 1911, modified, as provided in order, and, as modified, affirmed, without costs. Order entered March 28, 1911, affirmed, without costs. Order filed.

COLTON, Respondent, v. SMITH et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 12, 1911.) Action by James Colton against Thomas Smith and another. No opinion. Judgment of the Municipal Court affirmed as to the defendant Thomas Smith, with costs. Judgment reversed, and new trial ordered, as to defendant Margaret M. Smith, with costs to the appellant Margaret M. Smith.

COMMONWEALTH OF MASSACHUSETTS v. KLAUS. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by the Commonwealth of Massachusetts against Maurice H. Klaus. No opinion. Motion to dismiss appeal denied. Order filed.

CONGDON, Appellant, v. WESTCOTT EXPRESS CO., Respondent. (Supreme Court, Appellate Division, First Department. May 26, 1911.) Action by S. Grace Congdon against the Westcott Express Company. R. S. Johnson, for appellant. J. W. Welsh, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

CONNELLY, Respondent, v. TROXELL et al., Appellants. (Supreme Court, Appellate Division, First Department. April 28, 1911.) Action by Henry V. M. Connelly, as trustee, against Joseph Troxell and others. C. C. Marsh, for appellants. W. J. Martin, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

SCOTT, J., dissents.

CONNORS v. GALBRAITH et al. (Supreme Court, Appellate Division, First Department. May 12, 1911.) Appeal from Special Term, New York County. Action by Michael Connors against James Galbraith and another. From an order allowing defendants to serve an amended answer, plaintiff appeals. Modified, and, as modified, affirmed. Edgar J. Treacy, for appellant. Mr. Fairchild, for respondents.

PER CURIAM. The order should be modified, by imposing as a condition for allowing the amendment the payment by the defendants of all the costs in the action, with the exception of a trial fee and $10 costs for opposing motion, and, as so modified, affirmed, without costs of this appeal.

CONVERSE, Appellant, v. JOLINE et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 12, 1911.) Action by Harry L. Converse against Adrian H. Joline and another, as receivers, etc.

PER CURIAM. Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event, on the ground that the question was for the jury.

JENKS, P. J., and RICH, J., dissent.

CORNELL et al. v. FITZGIBBON PAPER CO. et al. (Supreme Court, Appellate Division, Second Department. June 9, 1911.) Action by Russell R. Cornell and Theodore H. Ward, co-partners, etc., against the Fitzgibbon Paper Company and others. No opinion. Judgment modified, by striking out the provision for the payment of costs by the receivers in this action, and, as modified, affirmed, without costs.

CURRAN v. LAKE CHAMPLAIN & M. R. CO. (Supreme Court, Appellate Division. Third Department. May 3, 1911.) Appeal from Trial Term. Action by James R. Curran against the Lake Champlain & Moriah Railroad Company. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered. Pyrke & Dudley, for appellant. Weeds, Conway & Cotter, for respondent.

PER CURIAM. Judgment and order reversed, and new trial granted, with costs to appellant to abide event, on the ground that there was no negligence shown as against the defendant.

KELLOGG and BETTS, JJ., dissent, the latter in an opinion.

BETTS, J. I dissent. The plaintiff was employed by the defendant as a brakeman, and had been for several years. On the 14th of August, 1908, he was thrown from the rear car, on which he was standing, by the sudden stopping of a train, without any notice by whistle or otherwise from the engineer that the train was to be stopped. The negligence claimed is the failure of the defendant's engineer to give any signal of intention to stop the train. The action was tried as one to recover damages, as a common-law action of negligence supplemented by section 42a of the railroad law (Laws 1890, c. 565), added by Laws 1906, c. 657. At the time in question the plaintiff was upon a car known as a "jimmy car," or ore car, of the defendant. Brakemen had to stand on the running board of jimmy cars. They could not get inside of them. He claimed that before the train left the railroad yard at Port Henry he was told by the conductor to get a link to put in place of a broken one that was on the rear car that he had control of and a new pin at the Y and insert them in the proper place to make connection of the